**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| MARK EDWARD VANZANT | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 5:12CV00021 SWW |
| ARTIE MORRIS, ET AL. | * | |
| | * | |
| Defendants | * | |

**ORDER**

On January 13, 2012, Mark Edward Vanzant, an inmate confined in the Maximum Security Unit of the Arkansas Department of Correction ("ADC"), commenced this action under 42 U.S.C. § 1983. Plaintiff claims that he received food contaminated with foreign objects and received inadequate medical care for medical problems that resulted from ingesting the contaminated food. Plaintiff names eight ADC officers as defendants: Artie Morris, Eddie Turner, Charlotte Sanders, Velma Brooks, Steve Outlaw, Barbara Montgomery, Jerry S. Jacks, and Dustin Parker. Plaintiff sues Morris in his official capacity only, and he sues all other defendants in their official and individual capacities.

Defendants moved for summary judgment (docket entry #30), asserting that Plaintiff failed to satisfy the Prison Litigation Reform Act ("PLRA") exhaustion requirement and that Plaintiff's official-capacity claims are barred under the doctrine of sovereign immunity. On January 22, 2013, United States Magistrate Judge H. David Young issued a Partial Recommended Disposition (docket entry #36), recommending that Defendants' motion be granted in part and denied in part. Judge Young finds that Plaintiff failed to exhaust his administrative remedies with respect to his claims of inadequate medical care, and he

recommends that those claims be dismissed without prejudice. However, Judge Young recommends that Plaintiff's claims regarding food contamination proceed against all defendants. Judge Young does not address Defendants' argument regarding sovereign immunity. Defendants have filed objections to the Partial Recommended Disposition (docket entry #39). The time for filing objections has expired, and Plaintiff has not filed objections.

After careful review of the Partial Recommended Disposition and Defendants' objections, as well as a *de novo* review of the record, the Court adopts Judge Young's recommendation that Plaintiff's inadequate medical care claims be dismissed without prejudice for failure to exhaust. However, the Court respectfully declines to adopt the remainder of the Partial Recommended Disposition.

**I.**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing a genuine issue for trial.'" *Id*. at 587 (quoting Fed. R. Civ. P. 56(e)). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact;

(2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

## II.

Pursuant to the PLRA, an inmate complaining about prison conditions must exhaust administrative remedies before bringing suit.[1] *See* 42 U.S.C. § 1997(e)(a). To satisfy the exhaustion requirement, an prisoner must follow the prison's procedural rules governing inmate grievances. *See Jones v. Bock*, 549 U.S. 199, 218, 127 S.Ct. 910, 923 (2007)(noting that the "prison's requirements, and not the PLRA . . . define the boundaries of proper exhaustion").

Here, the applicable ADC grievance procedure, set forth under ADC Administrative Directive 10-32 ("AD 10-32"),[2] requires that a prisoner first submit an informal resolution form stating his grievance. If the grievance is not resolved by way of informal resolution, AD 10-32 requires the prisoner to file a formal, unit-level grievance form "*that must be specific as to the complaint, date, place, personnel involved and how [the inmate] was affected*." AD 10-32 (Attach. I)(emphasis added). If the grievance is denied, AD 10-32 requires an appeal to the Chief Deputy/Deputy Assistant. AD 10-32 provides: "Inmates are hereby advised that they must exhaust their administrative remedies *as to all defendants* at all levels of the grievance procedure before filing a Section 1983 lawsuit." AR 10-32, § IV.N (emphasis added).

---

[1] The PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

[2] Defendants submitted a copy of the ADC's Administrative Directive 10-32 along with their motion for summary judgment. *See* docket entry #30-2 (Ex. C).

Judge Young recommends that Plaintiff's claims asserting inadequate medical care be dismissed for failure to exhaust administrative remedies. Defendants produced undisputed evidence that Plaintiff exhausted only three grievances before he filed this lawsuit, and none of those grievances contains allegations regarding a denial of medical care. Thus the Court agrees that Plaintiff's inadequate medical care claims should be dismissed without prejudice for failure to exhaust administrative remedies.

Next, Judge Young finds that Plaintiff filed grievances regarding food contamination that were accepted and decided on the merits and that "Plaintiff's exhaustion of the issue of contaminated meals precludes the entry of summary judgment in favor of *any* Defendants who might not have been named in the grievance." Docket entry #36, at 4(emphasis added). Defendants contend that Plaintiff failed to follow the ADC grievance procedures with respect to his claims involving food contamination. Specifically, they assert that Plaintiff's grievances name only two defendants joined in this lawsuit–Eddie Turner and Dustin Parker–and that Plaintiff's grievances concern allegations other than those set forth in the complaint.

The complaint contains the following allegations regarding food contamination:

- On September 18, 2011, at lunch, Plaintiff overheard Defendant Sanders "soliciting" affidavits from inmate witnesses in the event that she got in trouble over "an unknown prank soon to take place." Compl., at 7. Later at dinner, Plaintiff noticed that his food smelled like feces, and he asked Defendant Sanders for another tray, but she refused.

- Plaintiff asked Defendant Brooks to "take photos of the [September 18, 2011] incident," but she refused. Compl., at 7.

- Plaintiff wrote an informal resolution grievance regarding the September 18, 2011 incident, requesting the assistance of Defendant Turner, who deliberately ignored Plaintiff's request.

- After the September 18, 2011 "incident," Plaintiff was placed in punitive

        isolation, where he "went through the same complication with the morning breakfast, and the same deprivation of rights with [Defendant] Morris." Compl., at 7.

- During his stay in punitive isolation, Plaintiff received "gruel bars" that contained cigarette filters and glass powder. *See* Compl., at 7.

- Plaintiff asked Defendant Morris to "either send the tray back to the kitchen management to retain another or . . . to retrieve a lieutenant," and Morris refused. Compl., at 9.

On September 18, 2011, Plaintiff submitted Grievance No. MX-11-01450, alleging that "Corporal Coleman," acting under the supervision of Defendant Turner, served him food that smelled like feces. Docket entry #30-4, at 1. Plaintiff further alleged that he overheard "Coleman" and Turner collaborating to sabotage his tray in order to "provoke aggravation" that would lead to his commitment to punitive isolation. The grievance was denied initially by a warden's decision dated November 18, 2011. *See* docket entry #30-4, at 2. In his appeal comment, Plaintiff noted that his grievance included allegations against *"Sgt. Sanders (A.K.A Sgt. Coleman)* and her direct association with a personal attack against [Plaintiff's] health and safety." *Id*.(emphasis added). In a decision dated January 12, 2012, the ADC denied Plaintiff's appeal. *Id*., at 4.

On September 29, 2011, Plaintiff submitted Grievance No. MX-11-01525, charging that on September 28, 2011, he received "gruel bars" at lunch that tasted like an ashtray and contained a piece of a cigarette filter. The grievance was denied initially and on appeal.

As a threshold matter, the Court finds that Plaintiff's claims regarding food contamination are based solely on conduct allegedly committed by Defendants Sanders, Brooks, Turner and Morris. The complaint is void of allegations concerning food contamination

involving conduct on the part of Defendants Outlaw, Montgomery, Jacks, or Parker.[3] After careful review of Plaintiff's complaint and his grievance records, the Court finds that Plaintiff exhausted his administrative remedies regarding food- contamination claims[4] against Defendants Sanders and Turner, who are sued in their individual and official capacities. It is clear from Plaintiff's appeal note associated with Grievance No. MX-11-01450 that "Corporal Coleman" and Defendant Sanders are one in the same. Additionally, the Court finds that Plaintiff's broad grievance allegation that Sanders (a/k/a Coleman) and Turner collaborated on September 18, 2011 to "sabotage his tray," encompasses the more specific allegations against Sanders and Turner set forth in the complaint. However, the Court finds that Plaintiff failed to exhaust administrative remedies with respect to his claims against Brooks and Morris, seeking to hold them personally liable for conduct related to food contamination. Neither Brooks nor Morris were mentioned in Plaintiff's grievances, and prison officials never reached the merits of Plaintiff's specific allegations against these separate defendants.

In *Hammett v. Cofield* 681 F.3d 945 (8th Cir. 2012)(per curiam), the Eighth Circuit adopted the rule that "a grievance that could have been denied for failure to comply with a [prison's] procedural requirement is nonetheless exhausted for PLRA purposes if the

---

[3]"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007). To state a claim against a defendant sued in his personal capacity, a plaintiff must "'allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights.'" *Id.* (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir.2006)).

[4]Plaintiff's "food-contamination" claims come under the Eighth Amendment. Accordingly, to prevail with such a claim, Plaintiff must show that prison officials were deliberately indifferent to his dietary needs. *See Wishon v. Gammon,* 978 F.2d 446, 449 (8th Cir. 1992).

institutional decision-maker instead denied it on the merits."[5]  *Hammett*, 681 at 947.  The Court does not find that rule applicable here.  Although ADC decision-makers considered grievances involving Plaintiff's food-contamination charges against Sanders and Turner, the undisputed evidence shows that Plaintiff failed to file a single grievance that references Brooks or Morris, by name or otherwise, or which raised the allegations he now asserts against these individuals–that Brooks refused to take photographs of the September 18, 2011 incident and that Morris refused Plaintiff's requests for assistance during his stay in punitive isolation.

Citing *Bower v. Kelley*, No. 12–1678, 2012 WL 6199266 (8th Cir. Dec. 13, 2012)(per curiam), Judge Young finds that Plaintiff's exhaustion of "the issue of contaminated meals precludes entry of summary judgment in favor of *any* Defendants who might not have been named in the grievance"  Docket entry #36, at 4(emphasis added).  The Court finds that the facts in this case are significantly different from  *Bower*.  In *Bower,* the plaintiff sought damages against the administrator of Correctional Medical Services ("CMS") and a CMS dentist.  The

---

[5]In *Hammett v. Cofield*  681 F.3d 945 (8th Cir. 2012)(per curiam)*,* the Eighth Circuit noted that the rule it adopted allowed the benefits of exhaustion to be "*fully realized.*"  *See Hammett*, 681 F.3d at 947(emphasis added).  Those benefits "include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Hammett*, 681 F.3d at  947-948 (citing *Jones v. Bock*, 549 U.S. 199, 219, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)).  "These benefits are fully realized when an inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits, even if the decision-maker could have declined to reach the merits because of one or more procedural deficiencies. A complete administrative record exists, and a reviewing court will have the benefit of the agency's institutional perspective." *Id*.   None of the benefits of exhaustion referenced in Hammett would be realized if this Court permitted Plaintiff to proceed with claims against individual defendants that were never presented to prison officials.

plaintiff alleged that the defendants refused to have his dental implants removed and cleaned for over two years, which caused him to suffer infections. The district court dismissed the claims for failure to exhaust, and the Eighth Circuit reversed. Citing *Hammett v. Cofield* 681 F.3d 945 (8th Cir. 2012), the Eighth Circuit noted that it was undisputed that the plaintiff had exhausted his grievance regarding inadequate dental care. Although the plaintiff's grievance did not specifically name the defendants, it referenced "the dentist," and it contained detailed allegations regarding the specific conduct that gave rise to the plaintiff's § 1983 claim. *See Bower v. Kelly*, No. 5:11CV00248 HDY (E.D. Ark.)(docket entry #41-3, at 6).

In sum, the Court finds that Plaintiff exhausted his claims against Defendants Sanders and Turner regarding food contamination. However, the Court finds that Plaintiff failed to exhaust any of his additional claims against all other defendants joined in this lawsuit.

### III.

In support of their motion for summary judgment, Defendants assert that Plaintiff's official-capacity claims are barred under the doctrine of sovereign immunity. Defendants correctly note that this argument is not addressed in the Partial Recommended Disposition.

The sovereign immunity of the States recognized in the Eleventh Amendment[6] bars any suit brought in federal court against a state or state agency,[7] regardless of the nature of the relief

---

[6] The States' immunity from suit existed long before ratification of the Constitution, and it neither derives from or is limited by the Eleventh Amendment. *See Alden v. Maine*, 119 S.Ct. 2240, 2254 (1999).

[7] The ADC is a state agency that is "the sole creation of the state" and has "no separate identity" from the state and cannot be stripped of its official character. *See Glick v. Henderson,*

8

sought, unless Congress has abrogated the States' immunity or a state has consented to suit or waived its immunity. *See Seminole Tribe v. Florida*, 517 U.S. 44, 74 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Edleman v. Jordan*, 415 U.S. 651, 663 (1974). In addition to barring all claims brought directly against a state or state agency, the Eleventh Amendment protects state officials sued in their official capacities from all claims, with the exception of certain claims for prospective, equitable relief. *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir.1997).

Arkansas has not consented to suit in this case, and Congress did not abrogate the States' Eleventh Amendment immunity by enacting § 1983. *See Singletary v. Mo. Dep't of Corrs.*, 423 F.3d 886, 890 (8th Cir.2005); *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir.1991). Accordingly, Plaintiff's official-capacity claims seeking money damages must be dismissed.

Plaintiff also seeks unspecified injunctive relief. Under *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908), state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment, but such relief must be aimed at preventing future violations of federal law. In this case, Plaintiff does not allege ongoing violations of federal law, and the Court finds that his claims for injunctive relief do not fall within the *Ex Parte Young* exception. The Court therefore finds that Defendants are entitled to summary judgment with respect to Plaintiff's official-capacity claims.

## IV.

For the reasons stated, the Court adopts the Magistrate Judge's recommendation that

---

855 F.2d 536, 540 (8th Cir.1988).

Plaintiff's claims of inadequate medical care be dismissed without prejudice for failure to exhaust administrative remedies. However, the Court respectfully declines to adopt the finding that "Plaintiff's exhaustion of the issue of contaminated meals precludes the entry of summary judgment in favor of any [defendant] who might not have been named in the grievances." The Court finds that Plaintiff satisfied the PLRA exhaustion requirement solely with respect to his claims against Defendants Sanders and Turner and that Plaintiff failed to exhaust any of his additional claims against other defendants joined in this lawsuit. The Court further finds that Plaintiff's official capacity claims are barred under the Eleventh Amendment.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment (docket entry #30) is GRANTED IN PART AND DENIED IN PART as follows: (1) Plaintiff's claims of inadequate medical care are DISMISSED WITHOUT PREJUDICE; (2) Plaintiff's claims regarding food contamination are DISMISSED WITHOUT PREJUDICE, *with the exception of his individual-capacity claims against Defendants Eddie Turner and Charlotte Sanders*; and (3) Plaintiff's claims against Defendants in their official capacities are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 8TH DAY OF FEBRUARY, 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE