**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MARK EDWARD VANZANT                                                    PLAINTIFF
ADC #137057

V.                                        NO: 5:12CV00021 SWW/HDY

ARTIE MORRIS *et al.*                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan

W. Wright.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the

1

> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Mark Edward Vanzant, an inmate at the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"), filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on January 13, 2012, alleging that he has been served contaminated food. Although Plaintiff initially named other Defendants, the only Defendants remaining are Eddie Turner and Charlotte Sanders.[1] The Court held an evidentiary hearing on February 11, 2013, at which Plaintiff and Defendants testified, along with Barbara Williams, the ADC's inmate grievance supervisor. Following the presentation of testimony and exhibits by the parties, the preponderance of the evidence causes the Court to enter the following findings and recommendations.

## I. Facts

Plaintiff has been incarcerated at the ADC since 2005. According to Plaintiff, since that time, his food has been tampered with on several occasions. In this lawsuit, Plaintiff asserts that

---

[1]Plaintiff claims against former Defendants Sandra Perez-Crawford, Artie Morris, Velma Brooks, Steve Outlaw, Barbara Montgomery, Jerry S. Jacks, and Dustin Parker, have been dismissed previously (docket entries #28 & #42).

2

Defendants failed to properly investigate his claims that his food was contaminated on September 18, 2011, and that they did not act to give him a new food tray when he complained.

Evidence introduced at the hearing indicates that Sanders was serving a meal on September 18, 2011.  Sanders had given Plaintiff his food, and was serving other inmates, when Plaintiff began to complain that his food had been contaminated.  After she finished serving the other inmates, Sanders went to Plaintiff's cell, but did not give him another food tray, as he requested.  Plaintiff then became disruptive, and Turner was called to escort Plaintiff to a segregation area.

## II.  Analysis

To demonstrate an Eighth Amendment violation due to food contamination, Plaintiff must show that prison officials were deliberately indifferent to his dietary needs.  *See Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992).  According to Plaintiff, he has had problems with contaminated food on other occasions which has led to urinary tract infections, and possibly other illnesses.  However, Plaintiff introduced no medical evidence of past medical problems which were caused by contaminants in his food.  Likewise, in this case, Plaintiff has alleged that contaminants in his food has led to gastrointestinal problems, but he introduced no medical evidence to support his claims.

Defendants introduced as their exhibit #1 a medical note indicating that Plaintiff has been diagnosed with schizophrenia and a delusional disorder.  Plaintiff agrees this diagnosis has been made, but he disagrees with this diagnosis.  With respect to the Defendants in this case, Plaintiff conceded that he did not observe either Defendant tampering with his food.  Although Plaintiff asserted that Defendants failed to follow procedure to have his food tested after he complained, he offered no evidence other than his own speculation that either Defendant would have reason to believe the food should be tested.  Neither Defendant prepared the food, and there is no evidence

that either Defendants had a role in tampering with it.  Moreover, Turner was not even involved in serving Plaintiff his food, but simply escorted Plaintiff from his cell after he had become disruptive. Thus, Plaintiff failed to demonstrate that any Defendant was deliberately indifferent to his dietary needs.  To the extent that Plaintiff claims that prison policy was violated by a failure to properly investigate his complaints of food contamination, the Court notes that such claims are not actionable. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).  Accordingly, Plaintiff's complaint should be dismissed.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to all of his claims against Defendants Sandra Perez-Crawford, Eddie Turner, and Charlotte Sanders, and with respect to all of his official capacity claims; and WITHOUT PREJUDICE in all other respects.

2.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   12   day of February, 2013.

_____
UNITED STATES MAGISTRATE JUDGE